# Wytheville

RAYMOND G. LENNON AND VIRGINIA HAWKES,
ADMINISTRATORS V. GRACE A. SMITH.

June 12, 1939.

Record No. 2077.

Present, All the Justices.

The opinion states the case.

*James G. Martin & Son,* for the plaintiffs in error.

*Earl W. White,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by notice of motion was brought by Ella V. Lennon to recover of Grace A. Smith damages resulting from the alleged negligence of the defendant in the operation of an automobile in which plaintiff was riding as the guest of defendant. There was a trial by a jury which resulted in a verdict for the plaintiff. Upon motion of defendant, the trial court set aside the verdict and entered a final judgment in favor of defendant. Timely exceptions were taken by plaintiff, and upon petition to this court, a writ of error was granted. However, after the petition was presented, the plaintiff departed this life, and a revival of the action was had in the name of the administrators.

It is assigned as error that the court erred in setting aside the verdict of the jury and in entering final judgment for the defendant.

The determinative question is: Was the defendant guilty of gross negligence in the operation of her car at the time of the accident, which occurred on March 28, 1938?

Plaintiff and defendant for a period of ten years had been intimate friends, and frequently went riding in defendant's car. On the day of the accident, defendant called at the

home of plaintiff in the city of Norfolk, for the purpose of taking her for an outing. After stopping at a cleaning establishment where plaintiff left two dresses, they went to a grocery store, where purchases were made, and then proceeded to Ocean View and Ocean Park, an approximate distance of twenty miles from Norfolk. At Ocean Park the car was stopped at the end of the bridge and there the ladies talked and spent a very pleasant period. As they leisurely wended their way back to the city, defendant turned into Lafayette boulevard, which is a wide street, running east and west, with double street-car tracks laid in the center, and intersected at intervals by various streets and avenues. The parking or grass plot through which the car line runs, divides the boulevard with one-way lanes for traffic going east and west. As the defendant entered the boulevard, immediately ahead of her there were three large trucks of the street-cleaning department of the city. Defendant, driving at a rate of speed fixed at twenty miles per hour, followed the trucks for some distance, without any effort upon her part to pass them. After two of the trucks turned off into other streets, defendant continued to follow the third truck at a distance of two or three car-lengths, driving her car upon the right side of the street. When the truck reached Peronne avenue, the driver thereof proceeded to make a left-hand turn to enter the avenue and over and across the street car tracks. There is no question but that defendant at this period was observing the movement of the truck. As the truck veered to the left, defendant, traveling at a speed of twenty miles per hour, attempted to pass it on the right-hand side. By a miscalculation of one and a half inches, as shown by the proof, she failed to do so, due to the swing of the overhang of the truck as it was in the position of completing its turn.

The impact threw the defendant against the steering wheel, injuring her severely and by reason of her dazed condition (as she stated) causing her to lose control of the car, which proceeded a short distance across the boule-

ward, knocking down a decayed light pole and hitting a tree which was split as a result of the impact.

It is conceded that the plaintiff was horribly injured as a result of the accident.

It is contended that defendant was grossly negligent in the following particulars:

"1. In driving too close behind the truck, knowing it might turn off as other trucks had done.

"2. In not keeping a lookout for arm signals of the truck driver.

"3. In attempting to pass on the wrong (right) side of the truck in violation of an express statute. Code, section 2154 (116).

"4. In attempting to pass the truck in a street intersection in violation of an express statute. Code, section 2154 (118) (c).

"5. In running into the back of the truck in broad daylight from behind.

"6. In running her car on over the curb, on into the pole and on into the tree.

"7. In failing to have her car under proper control.

"8. In not heeding the express warning of plaintiff: 'Grace, you can't make it.' "

As we do not agree with counsel on his conception of the facts and circumstances as set forth, we deem it necessary to consider them in the order stated.

(1) Plaintiff, testifying as a witness, stated that the defendant was proceeding at a rate of twenty miles an hour, and while driving up Lafayette boulevard she was driving carefully. Defendant stated that until she attempted to pass the truck, she was, for several blocks, driving two, or two and a half car-lengths in the rear thereof.

(2) Defendant stated, without contradiction, that she observed the movements of the truck and only attempted to pass it when it was apparent that the driver intended to make a left-hand turn. Whether she saw the signal given by the driver is immaterial, as she possessed all the knowledge that a signal could impart.

(3) Section 2154 (116) of the Code is not relevant. That section only has reference to cars "proceeding in the same direction." At the time of the accident the cars were proceeding at a right angle and it would have been gross negligence to have attempted passing on the left-hand side.

(4) Section 2154 (118) (c) prohibits the driver of an automotive vehicle from passing another vehicle on the left at a street intersection when the vehicles are "proceeding in the same direction." Hence, this section is not applicable.

(5) It must be conceded that the car only lacked an inch and a half of clearing the truck and there is evidence to the effect that the defendant "slowed up" and it would have cleared but for the "overhang" produced by the truck when it turned left.

(6) It is apparent from the evidence that there is no causal connection between the accident and the car hitting the pole and the tree.

(7) There is no evidence that the car was not under control until the collision occurred.

(8) If it be conceded that the expression, "Grace, you can't make it," was an express warning to defendant, it must also be conceded that the warning was not given an appreciable length of time prior to the impact, but inferentially at the moment of impact, the result of which rendered the plaintiff unconscious. The evidence of the plaintiff warrants the inference. She testified: "The truck was ahead, and I said, 'Grace, you can't make it,' and *I don't remember anything else after that."*

■ Since the decision of this court in *Boggs* v. *Plybon,* 157 Va. 30, 160 S. E. 77, it has been the established rule in this Commonwealth that a guest, injured while riding in a motor vehicle, is debarred of recovery in an action for damages, unless it is shown that the host or operator of the motor vehicle was guilty of gross negligence. See *Watson* v. *Coles,* 170 Va. 141, 195 S. E. 506. But it is argued that since the jury has spoken and ended all conflicts in the evidence, gross negligence has been established.

The establishment of gross negligence in a given case depends upon the facts and is not concluded in all cases by the verdict of the jury. Whether the evidence is sufficient to justify a finding of gross negligence, is a question for the court. This was so held in *Margiotta* v. *Aycock,* 162 Va. 557, 174 S. E. 831. In announcing the prevailing rule, Mr. Justice Holt said:

"Of course the jury's verdict is not always conclusive. In cases of ordinary negligence this Court has always freely exercised its right to say that it is unsupported by the evidence. By the same token it has the right to say, notwithstanding the verdict, that there is no evidence of gross negligence."

In *Bailey* v. *Fore,* 163 Va. 611, 177 S. E. 100, Mr. Justice Browning quotes with approval this statement of the rule:

"The fact that the jury had a right to consider all the circumstances in the case is stressed. This is entirely true, but the circumstances which it may consider must be of evidential value. Under the guise of considering circumstances it is not left free to roam at will. The verdict must rest on facts proven, fair inferences therefrom or circumstances having a tendency to establish the necessary facts. Where affirmative relief is asked it must affirmatively appear that the verdict rests at least on some one of these foundations."

The fact that the defendant committed an error of judgment when she attempted to pass the truck is not a sufficient foundation upon which to base a finding that she was guilty of gross or culpable negligence.

In our opinion, the case at bar is ruled by the decision of *Young* v. *Dyer,* 161 Va. 434, 170 S. E. 737, where this is said:

"A mere failure to skilfully operate an automobile under all conditions, or to be alert and observant, and to act intelligently and operate an automobile at a low rate of speed may, or may not, be a failure to do what an ordinarily prudent person would have done under the circumstances, and thus amount to lack of ordinary care; but such lack of

attention and diligence, or mere inadvertence, does not amount to wanton or reckless conduct or constitute culpable negligence for which defendant would be responsible to an invited guest."

See also, the cases of *Drumwright* v. *Walker*, 167 Va. 307, 189 S. E. 310, and *Wright* v. *Swain*, 168 Va. 315, 318, 191 S. E. 611, in which the doctrine just stated was re-affirmed.

We find no error in the judgment of the trial court and it is, therefore, affirmed.

*Affirmed.*