# Staunton

ROLAND RUDOLPH GARY v. CLARENCE ARTIST.

September 3, 1947.

Record No. 3215.

Present, Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*John G. May, Jr.,* and *Robert Lewis Young,* for the plaintiff in error.

*Steingold & Steingold* and *Sands, Marks & Sands,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.*

This is another of the many automobile accident cases which come before this court. It is of rare occurrence that we find one case which is precisely like another. It is one of the curious things about cases which come before judicial tribunals for final determination. They are comparable to finger prints. No two are just alike. A shade of variance frequently makes a decisive difference.

The plaintiff in the trial court, the defendant in error here, instituted suit against the defendants below, Jones and Davis, Inc., Willie Edwards and Roland Rudolph Gary, the latter being the sole plaintiff in error, frequently referred to in the record, and will be here, as the petitioner, seeking to recover damages for injuries received in an accident, which occurred on the 21st day of July, 1945, about 6:30 o'clock P. M. The jury found a verdict against all three of the defendants for the sum of $3,750.00, which was confirmed by the judgment of the trial court. Roland Rudolph Gary is the only one of the three defendants who moved the court to set aside the verdict of the jury. He is the only defendant who filed a petition for this writ of error.

---

*This opinion was prepared by Mr. Justice Browning before his death and has now been adopted as the opinion of the court.

Hence the judgment of the trial court against Jones and Davis, Inc., and Willie Edwards is now final.

We shall state the facts, as we are compelled to do, in the light most favorable to the plaintiff, the defendant in error, that is, most in accord with the evidence introduced by him. *Orndorff* v. *Howell,* 181 Va. 383, 388, 25 S. E. (2d) 327; *Neal* v. *Spencer,* 181 Va. 668, 675, 26 S. E. (2d) 70.

We must also be constantly aware that the record discloses an adverse interest between the defendants, Jones and Davis, Inc., and Willie Edwards on the one side and Roland Rudolph Gary on the other. This stems from the natural wish of the former to have the latter contribute to the payment of whatever recovery may finally ensue in favor of the plaintiff, Artist. The plaintiff, of course, desires to hold all of them.

The petitioner and Willie Edwards, who was driving the automobile truck, owned by the defendant, Jones and Davis, Inc., were proceeding west along Cary street, Richmond, Virginia, and at the time of the accident were approaching its intersection with Randolph street. The latter is a short street extending now from Main across Cary street. The Chevrolet automobile of the petitioner was in front, followed by Edwards, operating the truck. The distance between the two vehicles near the point of impact was 30 feet or about three car lengths. It was daylight and Cary street was perfectly straight. There was nothing between the two cars to obstruct the vision of Edwards. The speed of the truck was 25 miles per hour, and that of the automobile was about 20 miles per hour. The lawful rate of speed was 25 miles. At a point from 20 to 30 feet from Randolph street the truck turned to the right to pass the automobile and in making this movement it struck the front right fender of the petitioner's car a glancing blow and veered diagonally across Cary street about 40 feet to the northwest corner of the intersection, striking and knocking down a 2-inch steel pipe embedded in cement and striking the plaintiff and others in front of the corner store. The

truck passed over the sidewalk. and into the front of the store, which it .defaced and seriously damaged. It bounced back across Randolph street and came to rest on Cary street 30 or 40 feet east of the intersection.

Edwards testified that his reason for turning and attempting .to pass the automobile on the right was that it stopped or slowed up to make a .left turn and then made a right turn. As we have said, in making this statement of facts, we have to accept Edwards' version of it because that view is more favorable to the plaintiff's case. We shall have more to say about its credential value presently. The petitioner did not give the required signal of his intention to turn either to the left or the right. He was driving from his home on Government Road in the Church Hill vicinity to a skating rink west of the Boulevard. With him in the automobile were his brother, sitting on the front seat next to him, and his sister, who occupied the rear seat. She was the occupant particularly interested in the skating rink. The petitioner said that he did slow up as he was approaching the intersection and that it was his habit to do so at all intersections. This fact was urged by the plaintiff and his allies as tending to show that petitioner's speed was greater than he said it was, because, if he reduced it at all intersections and stoplight signs, he could not have reached the place of impact in the time he had fixed or computed it to be unless he was traveling much faster than his alleged speed at or near the point of impact.

The brief filed for the plaintiff,. Artist, which the defendants, Edwards and Jones and Davis, Inc., adopted, stressed the fact that Horace Gary, the brother of the driver of the Chevrolet automobile, who was a passenger when the accident happened, had a girl friend who lived on the corner on Main Street where Randolph street terminates. He undertook to justify Willie Edwards' testimony about the left turn and the right turn by this circumstance. It has just enough plausibility to warrant some notice of it.

Horace Gary said that he knew a girl who lived there or thereabouts but he had no intention of calling upon her

that evening, that he had no date with her. Roland Rudolph Gary, the driver, said that his brother did not indicate to him any desire to visit the young lady on that occasion and they were corroborated by their sister, Mrs. Dorothy Finnegan.

Hence it is but another instance of the unreliability of surmise and conjecture. Conclusions have value only when they have stable bases.

The only eyewitnesses of the accident were Edwards, Gary, and the brother and sister of the latter. Shortly thereafter police officer, L. R. Knight, from the Traffic Bureau of the City, arrived at the scene. He found the petitioner's automobile perfectly straight about 8 feet from the north curbing, and there was no evidence of any effort to make any turn in either direction. The automobile had not quite reached the intersection. He said that he tested the hydraulic brakes of the truck and found them inadequate and that was one of the causes of the accident given by the operator of the truck, Willie Edwards. The officer said he told him that his speed at the time was from 30 to 35 miles per hour; that he had had trouble with the brakes of the truck before; that they would not hold; that he thought the automobile was going to make a left turn; that he did not say anything about the petitioner having also turned to the right.

We said awhile back that we would address ourselves to the evidential value of Edwards' testimony from the angle of dependability and credence. In this relation he fixed his speed, as we have said, at precisely the legal limit of 25 miles, bolstering this with the statement that it was his habit so to travel. His testimony on this point lacked positiveness and confidence; his statement to the officer at the very time of the happening, that he was making a speed of 30 to 35 miles, when the thing was or should have been fresh in his mind, and the force of the impact upon the stop-sign and upon the plaintiff and the store and the subsequent gyrations of the truck bore mute but convincing attest of greater speed than he was willing to admit.

We should say here that Edwards denied that he made the statements attributed to him by officer Knight. Agreeably then to the rule, the verdict of the jury, sustained by the court, makes us accept his version of the matter, unless it be plainly wrong. In our view of the undisputed physical facts it is perilously near that state.

The petitioner attacks Edwards' testimony as being but the conclusions of the witness as to his turning his car first to the left and then to the right. Edwards testified as follows:

"Q. Did you ever catch up with the car?"

"A. No sir, until it stopped. It stopped to make that turn That is when I ran into it."

"Q. Stopped to make what turn?"

"A. The car slowed up to make a left turn and then made a right turn."

"Q. How do you know it slowed to make a left turn?"

"A. Because I never pass a car on the right unless it is going to make a turn to the left."

"Q. That isn't the answer or rather not an answer to my question. I say how do you know that the car was to make a left turn?"

"A. Because it was going along slow."

It is plain that this was the conclusion of the witness.

It is urged that its admission is offensive to previous holdings of this court as to the error of admitting that which is speculative and conjectural.

We are impressed by this but we shall not dwell longer on it for the reason that upon other assignments the case will have to be reversed as to the petitioner, Gary.

The petitioner objected to and excepted to the action of the court in granting a number of instructions, some of which are plainly erroneous and prejudicial to him.

Instructions Nos. P. 2, P. 6 and E belong to the category referred to. They are these:

### INSTRUCTION No. P. 2

"The court further instructs the jury that any person who shall drive any vehicle upon any highway in the State of Virginia at a speed in excess of 25 miles an hour in a residential district shall be guilty of a midemeanor.

"If you should find from the evidence that either of the defendants were operating their respective vehicles in excess of said speed limit at the time and place of the accident in which plaintiff was injured, and that said volation of the law was a direct and proximate cause of the injury to the plaintiff your verdict should be against either or all of said defendants guilty of such violation."

### INSTRUCTION No. P. 6

"The court instructs the jury that anyone owning or operating an automobile or other motor vehicle has a continuing duty to keep his vehicle under proper control at all times and must not be reckless or careless in the operation of said vehicle.

"If the jury should find from a preponderance of the evidence that the defendants or either of them failed to observe their duty as above set out, and that such failure was a direct and proximate cause of the accident on July 21, 1945, in which plaintiff was injured when he was struck by the Jones and Davis, Incorporated, truck, your verdict should be for the plaintiff."

### INSTRUCTION No. E

"The Court instructs the jury that each of the defendants had an equal right to the use of the streets in the vicinity of the collision here involved. Each should have exercised reasonable care to have avoided collision with the other. If, in this case, you believe that the defendant, Roland Rudolph Gary, as he approached the intersection of Cary Street and Randolph Street, pulled his automobile to the left

or center of said Cary Street without signal, the driver of the Jones and Davis truck, Willie Edwards, was justified in assuming that the Gary car was not intending to make a right-hand turn. And if you further believe that without signal or other adequate warning the Gary car suddenly attempted a right-hand turn and that such action was the sole proximate cause of the collision which resulted in plaintiff's injury, then there is no liability upon Jones and Davis, Incorporated, or upon the driver of their truck, Willie Edwards, and you should find your verdict in their favor."

Instruction No. P. 2 is without evidence to support it. There is no evidence that Gary was driving at a speed in excess of 25 miles per hour.

There is evidence that Edwards was exceeding the limit, therefore the instruction should have been restricted in its application to him and his co-defendant,, Jones and Davis, Inc.

Instruction No. P. 6 is general in its terms and it submits to the jury the issue of negligence without particularizing its application.

There is also no evidence that the petitioner did not have his automobile under control.

In Michie's Digest of Va. and W. Va. Reports, Vol. 5, p. 859, this is said in the annotation:

"It has been repeatedly held, that an instruction should not be given when there is no evidence tending to prove the facts upon which the instruction is based, for the reason that the tendency of such instruction is to mislead the jury by withdrawing their attention from the legitimate points involved in the issue. Juries are sufficiently prone to indulge in conjectures, without having possible facts not in evidence suggested for their consideration."

The author cites a number of Virginia cases as authority for the statement quoted to which we refer. It is really elementary.

Instruction E is erroneous because, among other things wrong, it virtually told the jury that Edwards could pass on the right of the automobile in front of him without

having the statutory signal given him. Of course, this is in derogation of the terms of the statute under the existent circumstances and cannot be permitted.

See sections of the Code of Virginia, Michie, 2154 (116), (a), (c) and 2154 (122), (c), (d), (f).

■ Instruction No. T on this branch of the case appears to correctly state the law but positive wrong in one instruction is not cured by a correct statement of the law in another.

■ All error is presumed to be prejudicial and where conflicting or inconsistent instructions are given, the court is without the psychic power to say which influenced the jury. *Norfolk R., etc., Co. v. Higgins,* 108 Va. 324, 332, 61 S. E. 766.

We have limited our discussion of the instructions to those treated in the briefs and relied upon as constituting prejudicial error.

In all, twenty-seven instructions were asked and given. Far too many. Enough to perplex and confuse the most alert and astute judge. The practice should be avoided. Life is too full of complexities for one's I. Q. to be disturbed by non-essentials.

For errors in the instructions as pointed out, the verdict of the jury against Roland Rudolph Gary is set aside, and the judgment is reversed and remanded for a new trial as to him.

*Reversed and remanded.*