ANDERSON ELSWICK, AND ANOTHER v. EDWARD C. COLLINS.

October 13, 1952.

Record No. 3952.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Pobst, Coleman & Rush,* for the plaintiffs in error.

*Combs, Combs & Street,* for the defendant in error.

SMITH, J., delivered the opinion of the case.

This case arose as one of the consequences of a collision between plaintiff Edward C. Collins' Packard automobile and defendant Anderson Elswick's Dodge truck. At the time of the accident the plaintiff's car was being driven by Eulice White and the truck was being operated by co-defendant Clayton Williams. The trial of the case resulted in a verdict and judgment for the plaintiff against both defendants for $2,000 damages

to the Packard car. To this judgment the defendants were awarded a writ of error and *supersedeas*.

On the morning of April 4, 1950, Eulice White, an employee of the Packard dealer in Royal City, was directed by the plaintiff to go to Big Rock, in Buchanan county, and drive the plaintiff's car back to the garage.

As he drove off White noticed the defendant's truck driven by Williams enter the highway from the opposite side. White followed in the car about 50 to 75 feet behind the truck at a speed variously estimated from 35 to 45 miles per hour. After the two vehicles had gone about three quarters of a mile the truck slowed down to 20 or 25 miles per hour and turned toward the left until, as White testified, both left wheels were off the pavement. The highway ahead was straight, dry, and about 19 feet wide. At this place there was very little shoulder on the right, but on the left the shoulder of the highway was between 15 and 20 feet wide and led to several garages situated just off the right-of-way. White testified that he thought the truck was pulling off the pavement on the left shoulder to park so he continued on without slackening his speed. At about the time the car got abreast of the truck, Williams turned the truck sharply to the right across the highway intending to enter a private road leading off the hard surface to the right. White hadn't noticed this side road because it was obscured by a bank. White immediately applied his brakes but hit the truck just back of the cab.

The only eye-witnesses to the accident who testified at the trial were the two drivers White and Williams.

White testified that he was watching the truck but didn't see any signal to indicate which way the truck was going and he didn't blow his horn or slow down because his lane was clear.

Williams stated that he slowed down to 20 or 25 miles per hour and switched on the right-hand signal light about 100 feet before he began to turn and steered to his left straddling the white center line of the pavement.

After the collision the truck came to rest at about a 45 degree angle to the axis of the highway in the right-hand lane along side of the automobile which was jammed into the bank.

The physical facts indicate that the truck must have been almost at right angles with the pavement when the crash oc-

curred. The car hit the truck immediately behind the cab and this would account for the fact that it came to rest at a 45 degree angle.

White testified that after the accident he noticed that the truck's rear signal light was burning, but he contended that the glass arrow pointer was broken and the burning bulb was visible for only a short distance because it was covered with mud. State Trooper P. S. Spraker, who investigated the accident, stated that the light was burning when he arrived although he didn't remember whether the glass was broken. He further testified that "it was bent till it would have been very near impossible to have seen it from directly to the rear of the truck." On cross-examination Williams admitted that the glass arrow was broken out of the signal light, but he contended that the bulb was not covered with mud nor was the light bent.

Summarizing the evidence in the light most favorable to the plaintiff, the jury was warranted in finding the facts to be as follows:

A short distance before reaching the place where the collision occurred Williams slowed down and turned his truck to the left and ran off on the left-hand shoulder. Seeing that his lane was clear White continued on at a moderate speed without sounding his horn. Thereupon, the truck driver turned abruptly to his right, re-entering and crossing the traveled portion of the highway, at which time it was too late for White to do more than apply his brakes and brace himself.

The sole issue presented for our decision in this case is whether or not the evidence shows that the driver of the plaintiff's car was guilty of contributory negligence as a matter of law.

"Contributory negligence of a plaintiff is failure to use reasonable care. Such failure is not presumed, but must be shown by the evidence. Depending as it does upon the facts of the case, it is usually a jury question, and is to be decided by the court only when reasonable men should not differ as to what facts are proved and as to the proper inferences from the facts proved." *Norfolk, etc., Belt Line R. Co.* v. *Freeman*, 192 Va. 400, 408, 64 S. E. (2d) 732.

The defendants first contend that White violated the provisions of Code section 46-226 and that this precludes the plain-

tiff's right to recover. This section reads as follows at the time of the accident:

"When overtaking vehicle may pass on right.—The driver of a vehicle may overtake and pass upon the right of another vehicle which is making or about to make a left turn and the driver of which has given a signal as required in § 46-234." (This section was amended by the Acts of 1952, ch. 666, p. 1115).

The defendants rely on the case of *Gary* v. *Artist,* 186 Va. 616, 43 S. E. (2d) 833, which discusses the statute set out above. In this case Gary was driving his automobile west on Cary street in the city of Richmond and one Edwards was following behind in a truck owned by Jones and Davis, Incorporated. As Gary approached the intersection of Cary and Randolph streets he slowed down and the truck turned to the right to pass the automobile. In making this movement it struck the right front fender of Gary's car a glancing blow and veered diagonally across Cary street where it struck the plaintiff, Artist. Artist sued Gary, Edwards, and the owner of the truck and recovered a judgment. Gary alone filed a petition for a writ of error.

The trial court, by Instruction E, instructed the jury in part as follows: "If * * * you believe that the defendant, * * * Gary, pulled his automobile to the left or center of said Cary Street without signal, [then] the driver of the * * * truck, Willie Edwards, was justified in assuming that the Gary car was not intending to make a right-hand turn. And if you further believe that without signal * * * the Gary car suddenly attempted a right-hand turn [which] was the sole proximate cause of the collision [and] plaintiff's injury, then there is no liability upon [the owner], or upon the driver of [the] truck * * * and you should find your verdict in their favor."

Mr. Justice Browning had this to say about the instruction, 186 Va., at page 624:

"Instruction E is erroneous because, among other things wrong, it virtually told the jury that Edwards could pass on the right of the automobile *in front of him* without having the statutory signal given him. Of course, this is in derogation of the term of the statute under the existent circumstances and cannot be permitted." (Italics supplied).

At first blush there is understandable justification for the contention of the defendants in the case at bar that the plain-

tiff here is in the same position as Edwards was in the *Gary Case*. But a careful reading of Code section 46-226 and the *Gary Case*, and a close scrutiny of the facts before us disclose that this contention is not correct.

We do not believe that Code section 46-226 is applicable to the facts of the case before us. This section refers to a condition where one vehicle overtakes another vehicle *in front* which is making or about to make a left turn and both vehicles are proceeding in the same direction. In the case at bar the facts do not disclose this to have been the situation. There was ample evidence to justify the conclusion that Williams had already completed his left turn and had pulled his truck off the road on the left shoulder of the highway before White proceeded to pass him. In other words Williams had removed his truck from the traffic pattern in which he and White had previously been traveling. White did not pass to the right of Williams, he merely continued to drive straight down the highway as he had been doing. White was, therefore, not engaged in overtaking and passing another vehicle *in front of him,* as contemplated by both the statute and the construction placed thereon by the *Gary Case,* at the time he went by the truck.

If we follow the defendant's interpretation of the statute, it is not diffcult to visualize a most ludicrous situation. Let us assume a set of facts somewhat similar to those in this case. Suppose Williams had made his left turn without giving the required statutory signal, had pulled completely off the pavement and had parked on the left shoulder. If we follow the defendant's contention to its logical conclusion, what would be the result? We would find ourselves in this predicament: Since Williams did not give the required statutory signal for a left turn, White would have been compelled to bring his car to a complete stop on the highway, although his lane of traffic was clear and there was nothing to indicate that he should do anything but continue on his way. We do not believe that the legislature intended to require White to do what the defendants say he should have done under the circumstances present in this case. Nor does the *Gary Case* so hold.

The defendants further allege that White violated the provisions of the following sections of the Code which they contend imputes contributory negligence to the plaintiff as a matter of

law: (1) § 46-209(7) "Exceed[ing] a reasonable speed under the circumstances and traffic conditions existing at the time;"; (2) § 46-229 "* * * follow[ing] another [vehicle] more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic upon, and conditions of, the highway at the time."; (3) § 46-225 "[failing to] give audible warning * * * before passing or attempting to pass a vehicle proceeding in the same direction."; and, (4) § 46-224 requiring "The driver of any vehicle overtaking another vehicle proceeding in the same direction [to] pass at least two feet to the left thereof * * *."

White was not guilty of negligence as a matter of law in driving within the statutory speed limit behind a truck whose operator had not communicated any intention of changing his course. White estimated that his speed prior to the time the truck slowed down was 45 miles per hour and stated that he did not slow down. Williams said that he was going about 35 to 40 miles per hour. Since White was following behind Williams, it is obvious that White was not going faster than Williams. Williams testified that he slowed down to 20 or 25 miles per hour and gave the signal for a right turn about 100 feet away. Presumably he meant 100 feet before he began to turn. The fact is subject to mathematical verification that White was either driving at a rate less than 45 miles per hour when Williams slowed down or he slowed down himself, otherwise he would have crashed into the back of the truck before it had removed itself from the path of the car. Traveling at the rate of 25 miles per hour Williams would have covered the 100 feet before he began to turn in approximately 2.7 seconds. Going at the rate of 45 miles per hour White would have covered a distance of 178 feet during the lapse of 2.7 seconds and would have been more than 100 feet ahead of the truck before it began to turn—an obvious impossibility. This proves beyond peradventure that White was either going considerably slower than 45 miles per hour or he slowed down appreciably, possibly unconsciously, when the truck ahead slowed down.

It is a statutory rule that the driver of a motor vehicle has the right to follow a vehicle in front of him as close as it is reasonable and prudent to do under the circumstances. What is a reasonable distance must, in each instance, depend upon the

particular facts involved. Except when reasonable minds cannot differ, what distance was required to be maintained and whether that distance was in fact maintained are questions for the jury. *Mandro* v. *Vibbert,* 170 F. (2d) 540.

██ On the question of White's failure to give a warning as required by Code section 46-225, we have already pointed out that he was not passing or attempting to pass a vehicle proceeding in the same direction, therefore, this section is not applicable here. *Lennon* v. *Smith,* 173 Va. 322, 2 S. E. (2d) 340. Code section 46-224 is not applicable either for the same reason.

In conclusion, the jury was warranted in finding that this accident occurred not because of any fault on the part of White, but because Williams after having pulled off on the left shoulder re-entered the traveled portion of the highway in a perilous manner without taking the trouble to see if his way was clear.

██ We cannot say that the jury's verdict is plainly wrong and that the plaintiff is guilty of contributory negligence as a matter of law. Therefore, the judgment complained of is affirmed.

*Affirmed.*

BUCHANAN, J., dissenting.

As I read this record White, the driver of plaintiff's car, clearly violated the law in passing on the right of the truck. His violation was negligence which contributed to the collision and a verdict for the plaintiff in spite of that negligence ought not to stand.

Ordinarily the overtaking vehicle must pass on the left of the overtaken vehicle. Code, § 46-224. It is permitted to pass on the right only when the overtaken vehicle "is making or about to make a left turn" and its driver "has given a signal as required in § 46-234." Code, § 46-226.

White does not claim he thought the truck was making or about to make a left turn. He said he thought it was going over on the shoulder to park. But he admitted that it was not on the shoulder when he tried to pass. He said that only the left front and rear wheels were off the hard surface. He admits, too, that he saw no signal as required by § 46-234 to indicate that the truck was going to make a left turn. The truck driver said he signaled a right turn, but White's evidence has to control. Thus

it is that by White's own testimony he passed on the right of the truck when neither of the facts on which the statute conditions that privilege existed.

Section 46-225 requires the driver of an overtaking vehicle to blow his horn before attempting to pass a vehicle proceeding in the same direction. White admits he blew no horn and gave no warning, but started by on the right at undiminished speed. This requirement of the statute is waved aside on the convenient theory that the two vehicles were not proceeding in the same direction. We must look at White's testimony again. He said they started out proceeding in the same direction and I can't find any evidence that they stopped proceeding in the same direction until the truck turned across the road to its right and White ran into it.

White testified that the truck passed him when he was trying to get the car started at a half to three-quarters of a mile from the place of accident. The truck was then going about 25 miles an hour but got faster. He followed, going 45 miles an hour, and was maintaining that speed when he hit the truck. That he made a modest estimate of his speed is indicated by the fact that he skidded 20 to 25 feet before hitting the truck at the back end of its cab and knocked it 32 feet.

He said the truck started getting over when it was about 100 feet away from the place of collision and was then making about 25 miles an hour and was down to 15 to 20 miles an hour when it turned in front of the car. Prior to that its left wheels were off the hard surface, so he testified. It is to be remembered that the hard surface was only 19 feet wide. White's further testimony showed that when the truck's left wheels were off the hard surface its right side was still not far away from the center of the road. He said, "After he pulled over, I came up past the bed of his truck. * * And as I got about up even with his cab, he cut back in on me, and I had to hit the cab, and he was then on my side of the road." At his avowed speed of 45 miles an hour, he could not have hit the truck at the back of its cab if it had been off of the road before starting to turn to its right, nor could it have been going in a different direction from the way the car was going when it started to turn.

White's excuse for passing on the right was that the truck pulled to the left and he thought it was going to park. The

excuse in *Gary* v. *Artist,* 186 Va. 616, 620, 43 S. E. (2d) 833, 835, was that the front car "stopped or slowed up to make a left turn and then made a right turn." The jury were instructed in that case that if the front car pulled to the left or center of the street without signal, the driver of the car following was justified in assuming that the driver of the front car was not intending to make a right-hand turn. We said that was error because it virtually told the jury that the driver of the car following could pass on the right of the car in front without having the statutory signal given him, and that would be in derogation of the terms of the statute.

The attempt to distinguish that case from this involves, in my opinion, both a strained construction of words and a mistaken view of the evidence. Section 46-226 is said not to apply unless the overtaken vehicle is "in front" of the overtaking vehicle. The statute does not use that language, but of course it contemplates that the overtaken vehicle is in front, otherwise there would be no occasion to pass it. Equally clearly it is not expected to be immediately in front. The truck here had to be somewhere to the left before there was room to pass on the right.

But the opinion puts this truck much farther to the left than the evidence puts it. The opinion says there was ample evidence to justify the conclusion that the truck had completed its left turn and pulled off the road before White passed it. White did not claim that the truck made a left turn, nor that it ever pulled off of the road. His evidence was that it veered to the left for the last 100 feet and only had its left wheels off the hard surface before it turned to the right. Defendants' evidence was that the truck went only a little to the left of the white line in order to turn into the road on the right, for which a proper signal had been given. The verdict must find support in the plaintiff's evidence, and if the plaintiff's evidence does not support it, it ought not to stand.

Plaintiff's driver was in a hurry. The car he was driving had a hole the size of a quarter in the bottom of its gasoline tank, shaped so the driver could not stop it up tight. He put two gallons of gasoline in the tank and was trying to get back to Royal City, 16 or 17 miles away, before it leaked out. Admittedly without knowing what the truck was going to do, without slackening his own speed, and while the right side of the truck

was close to him in the road and moving at 15 to 20 miles an hour, he took a chance and passed on the wrong side, in violation of the statute. It seems plain to me that he was negligent, if not actually reckless; that his negligence was a substantial factor in the accident, and that the plaintiff was therefore not entitled to recover.