# Richmond

## C. Van Duyn and Y. Van Duyn, etc. v. J. H. Matthews and H. R. Webster, etc.

March 8, 1943.

Record No. 2611.

Present, All the Justices.

The opinion states the case.

*W. A. Dickinson*, for the plaintiffs in error.

*Mears & Mears*, for the defendants in error.

HOLT, J., delivered the opinion of the court.

J. H. Matthews and H. R. Webster, trading as Leesburg Bulb and Flower Company, are commercial growers of bulbs with their place of business in Florida. Y. Van Duyn and C. Van Duyn, trading as Van Duyn and Son, live near Cape Charles in Northampton county. They deal in bulbs also and buy them both for planting and for resale.

In February, 1941, Mr. Yebrand Van Duyn chanced to be in Florida, where he got in touch with Mr. Webster, and

in a telephone conversation indicated to him that he wished to purchase gladioli bulbs. Mr. Webster's company had them for sale and wished to sell. A sale by sample was afterwards effected, as appears from this letter of date February 19, 1941:

"Leesburg Bulb and Flower Co.,
Leesburg, Florida.
Dear Sir:

I have just returned from Florida and received your letter dated February 8. We will appreciate very much to receive your sample of your bulbs. We can use for late planting one million Picardy and also 250 Flaming Sword. For late planting the first of June. Is it possible that you will hold these bulbs over for our account in cold storage. We have bought the same quantity, in Fort Pierce which people make the same storage for us. I am waiting for your reply.

Your's truly,
VAN DUYN & SON
VAN DUYN & SON
Per: E. E."

This contract was for the purchase of twelve hundred and fifty thousand gladioli bulbs, and as a down-payment on account the defendants sent to the plaintiffs a check for $500 of date March 20, 1941. On March 25, 1941, the first delivery was made. It was by truck and carried one hundred sixty-seven thousand of these bulbs. This check for down-payment, drawn on the Northampton County Trust Bank of Cape Charles, was presented for payment on March 28, 1941. At the instance of the makers payment was refused and protest followed. This act of the makers was because the bulbs, in their judgment, did not measure up to the samples submitted.

The substance of their claim is that they were undersized, diseased and worthless. There is evidence tending to support this. Plaintiffs, on their part, say that such a claim is

unwarranted by the facts and that their contract was honestly carried out and the defendants got what they bought.

These conflicting claims were submitted to a jury. The plaintiffs prevailed and obtained a judgment for $586.73, that being the invoice value of bulbs delivered. It was confirmed by the court.

■ Upon settled principles, conflicts in evidence have been settled, and this verdict must stand unless there are reversible errors in the record. Defendants contend that certain instructions given at the instance of the plaintiff are erroneous.

For the plaintiffs this instruction (Instruction 1) was given:

"The court instructs the jury that if you believe by a preponderance of the evidence that the defendant accepted the bulbs when delivered to him near Cape Charles, Virginia, then you must find a verdict in favor of the plaintiff for the amount sued for."

■ ■ Acceptance may be of such a character and in such circumstances as to foreclose the matter, but that is not necessarily true. Where purchase is by sample, and where the goods, when delivered, do not measure up, the vendee may accept them and seek compensation in damages for such injuries as he has suffered.

This principle we recognized and approved in *Newbern* v. *Baker*, 147 Va. 996, 133 S. E. 500, where it is said:

"In Williston on Sales (2nd ed.), section 485, it is said:

" 'What is here insisted upon is that the mere fact that title to the goods has been accepted does not, of itself, warrant the conclusion that the buyer has agreed to surrender a claim against the seller because the latter failed to perform his promise. The view here advocated, that acceptance of title does not as matter of law indicate a waiver of claims for inferior quality of the goods, is supported by a large number of decisions in the United States, and is the unquestioned law in England.'

"A different rule prevails in some of the States, and is sometimes known as the New York rule. Williston on

Sales (2nd ed.), 494. This minority rule our court, as we have seen, has not adopted."

This Instruction 1, peremptory in form, might be construed as making any acceptance final. It is erroneous unless elsewhere properly qualified. It was qualified by the plaintiffs themselves in Instruction 6 and by repeated instructions given on behalf of the defendants. Plaintiffs' Instruction 6 reads:

"The court instructs the jury that if you believe from the evidence that the sale of the bulbs by the plaintiff to the defendant was made by sample and that upon an inspection and comparison of the bulk of said bulbs with said sample, made by the defendant or his agent within a reasonable time after their delivery, it was ascertained that the bulk of said bulbs were inferior in quality to and did not correspond with said sample, and that the plaintiff had notice thereof within a reasonable time, then they must find for the defendant, unless the jury believe from the evidence that after the bulbs purchased by the defendant from the plaintiff were received and inspected by the defendant, or his agent, and the sample compared with the bulk, that the defendant personally, or by his agent, exercised any act of ownership over them, or did any act amounting to an acceptance of them, the said acceptance is a waiver of any objection to their quality and the failure of their quality will not afterwards avail him as a defense, except in case of fraud, but the proof of such acceptance must be clear and unequivocal and it is a question of fact for the jury whether, under all the circumstances, the act which the buyer does, or forbears to do, amounts to an acceptance."

Here the jury was told that acceptance under all the circumstances of the case was a jury question. This the jury was again told by instructions given at the instance of the defendants. Their Instruction B reads:

"The court instructs the jury that if you believe from the evidence that Leesburg Bulb and Flower Company sold the bulbs by sample, then they warranted the kind and quality of the bulk of the bulbs to be equal to that of the sample,

and Van Duyn and Son are not precluded from claiming and recovering damages for breach of warranty."

This is their Instruction F:

"The court instructs the jury that if they believe from the evidence Leesburg Bulb and Flower Company delivered bulbs of an inferior grade and quality to the sample, then Van Duyn and Son are entitled to damages, and the measure of damages is the difference between the value of the bulbs as delivered and their value had they been of the kind and quality of the sample by which they were sold."

Instructions are to be read together and as a whole; what is not made plain in one way may be cleared up in others. And when this is done, we do not think that the jury could have been misled by Instruction 1.

Defendants accepted these bulbs when delivered and without protest. A detailed statement of the evidence would be unfruitful. In it is hopeless conflict. A jury has found for the plaintiffs, and there is evidence to sustain their findings. The defendants' major claim is that these bulbs were too small. That, if true, must have been immediately apparent upon inspection. Indeed, from the very sample submitted the defendants attempted to resell them to a New York purchaser.

It is not to be presumed that they would have attempted to pass on to another bulbs which they now claim were worthless.

Moreover, Webster asked the defendants to return these bulbs if they were not satisfactory. That request appears to have gone unheeded. The evidence is sufficient to warrant the jury in finding that there was complete acceptance.

There is no reversible error in the record, and the judgment appealed from is affirmed.

*Affirmed.*