## Staunton

JOSEPH J. MACDONALD v. NINA W. FIRTH.

September 8, 1961.

Record No. 5290.

Present, All the Justices.

The opinion states the case.

*Daniel W. Wilkinson, Jr.* and *Granger West* (*Murray, Ford, West & Wilkinson*, on brief), for the plaintiff in error.

*Thomas H. Wilson, II* (*Wilson & Wilson*, on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

■ Mrs. Firth sued MacDonald for personal injuries allegedly received in an automobile accident which occurred on June 27, 1958, when the MacDonald car struck the rear of the Firth car which had stopped for a traffic light. The case was tried before a jury, resulting in a verdict in favor of Mrs. Firth in the sum of $15,000, on which, over the objection of the defendant, judgment was entered on August 2, 1960. We granted MacDonald a writ of error.

There was but one issue before the jury, *i.e.*, the amount of damages the plaintiff should receive for the injuries proximately resulting from the automobile accident. The defendant admitted liability in his Instruction A[1] for any injuries caused by him. The point of difference between the parties was the question of whether or not the injuries claimed by Mrs. Firth were proximately caused by the automobile accident, or by a later accident, or arose from some other cause.

It is disclosed that the automobile accident occurred in Hampton, Virginia, on June 27, 1958, wherein Mrs. Firth claimed to have received a whiplash type of injury to the cervical spine along with other injuries of a minor nature to her left leg and ankle. Thereafter, on July 23, 1958, she was involved in a swimming pool accident in Poughkeepsie, New York, after which she was taken to a hospital and there treated for a supposed "compression fracture of the D 6th vertebra of the dorsal or thoracic spine."

At the time of the swimming pool accident Mrs. Firth was on a business trip for her employer, and after the accident she filed a claim with the Industrial Commission of Virginia for personal injuries resulting in her being compensated for the injuries allegedly sustained in the swimming pool accident.

Five doctors testified either in person or by deposition. Their evidence regarding the extent of Mrs. Firth's injuries resulting from the automobile accident as contrasted with those received in the swimming pool accident was in conflict. One doctor suggested that the ailments

---

[1] Instruction A. The defendant has admitted legal liability for any injury plaintiff may have suffered, proximately resulting from the automobile accident in question. By virtue of that admission, the only issue that is being submitted to you is one that requires you to determine what injury, if any, to the plaintiff has been so caused and the amount of damages, if any, plaintiff is entitled to recover as compensation.

Such an admission of legal liability should in no way prejudice you either for or against the defendant, nor influence you in any way in determining the issue of damages submitted to you.

complained of resulted from neither accident but were congenital. This conflicting evidence, under proper instructions, presented a jury question. It is not necessary for the disposition of the case to consider the conflicting medical evidence in detail.

The first assignment of error relied on by the defendant is that the $15,000 judgment was excessive. Regarding this, it was stated in oral argument that the assignment would be without merit if the jury had been properly instructed.

Several instructions were offered by the defendant, among which were Instructions A-1,[2] B,[3] and C.[4]

[2] Instruction A-1. The court instructs the jury that the burden is upon the plaintiff to prove that the injuries of which she complains are the direct and proximate result of the automobile accident in which she was involved.

You are instructed that such fact must be proved by a preponderance of the evidence like any other fact in the case. If you find from the evidence, therefore, that any of the conditions of which the plaintiff Nina Firth complains may not have been caused by the automobile accident but may have resulted from some other condition or occurrence or may have existed prior to the date of the accident or may have been caused by some independent act after the date of the accident, and that they are just as properly attributable to some other cause or occurrence as to the automobile accident itself, then if the jury should find a verdict for the plaintiff, you cannot consider such other causes, occurrences, or conditions in fixing the amount of the damages.

[3] Instruction B. The court instructs the jury that if you should find that the plaintiff is entitled to recover, then you are instructed that the nature and extent of the injury is a fact, like any other fact, that must be proved by the plaintiff by a preponderance of the evidence.

In considering the amount of damages, if any, to which the plaintiff may be entitled, the jury will not minimize nor magnify the plaintiff's injuries. You can take into consideration only those personal injuries which the evidence shows, with reasonable certainty, were occasioned by the automobile accident which occurred on June 27, 1958. In no event is the defendant chargeable with nor should you include in your verdict any amount for damages due to personal injuries which the plaintiff may have received in the swimming pool accident of July 23, 1958. Furthermore, the defendant is not chargeable with nor shall you include in your verdict any amount for damages due to any aggravation in the swimming pool accident of any injuries which the plaintiff may have received in the automobile accident of June 27, 1958.

You cannot guess, surmise or conjecture as to the extent of the plaintiff's injuries nor can you speculate as to whether any of the plaintiff's injuries or her present condition may be due to the first (automobile) accident or the second (swimming pool) accident in which she was injured.

You must not be prejudiced or influenced by any sympathy for the plaintiff but you will be guided by the evidence before you, and that alone, in determining the amount of damages, if any, to which the plaintiff may be entitled as a result of the automobile accident in which the plaintiff and the defendant were involved on June 27, 1958.

[4] Instruction C. The court instructs the jury that the defendant Joseph J. MacDonald in any event would not be liable, if liable at all, for any physical condition

The court granted Instructions A-1 and C but refused to grant Instruction B, holding that it was covered by Instructions A-1 and C. Defendant excepted to the court's refusal to grant Instruction B and argued that the same was a "succinct statement of the law" and should be given.

Rather than being a succinct statement of the defendant's theory of the case, the instruction (B) is argumentative, it is too long, and merely an attempt on defendant's part to have the court argue his case for him. The same principles enunciated in Instruction B are clearly set forth in Instructions A-1 and C, which the court granted. In addition, the court orally instructed the jury as follows:

"COURT. All right now gentlemen, we come again in this case to the place where it's my duty to instruct you in regard to your verdict and instruct you in regard to the law that you shall consider in arriving at your verdict. In this case it's agreed that the plaintiff is entitled to a verdict. The question is the amount of the verdict and the injuries, whether the plaintiff suffered these injuries in the automobile accident. The only thing that this defendant, MacDonald, is responsible for is for the injuries that she received in the accident on June 27. That's all that you can find your verdict for in this case."

We hold that Instruction B was properly refused.

MacDonald next complains of the Court's granting Instruction No. 4.[5] Defendant's objections to this instruction were vigorously argued before the trial court. It was pointed out first that the instruction allowed the jury to consider the "reasonable value of time lost" from plaintiff's employment as an element of damages whereas the true test should have been the loss of earnings, if any, which the plaintiff had sustained.

---

or ailment that existed before or after June 27, 1958 and was not caused by the accident (automobile) and it is not sufficient for the plaintiff to prove merely that the accident (automobile) might be the cause of her condition. The plaintiff can only recover, if recovery be had, for damages which are shown with reasonable certainty to be the direct and proximate result of the automobile accident.

[5] Instruction No. 4. The court instructs the jury that if you believe from all of the evidence that the plaintiff, Nina W. Firth, is entitled to recover a verdict against the defendant, Joseph J. MacDonald, then in assessing the damages, you may consider her mental and physical pain and suffering, if any, nervous condition, if any, reasonable value of time lost from her employment, if any, for which she has not otherwise been paid, any expenses incurred by her for doctor's bill, the inconvenience caused to the plaintiff by the injuries, if any, and the impairment resulting from the injuries, if any. You may also consider the nature, character, extent and duration of her injuries, whether temporary or permanent and their effect, if any, in the future, but such damages cannot exceed the amount sued for in the motion for judgment in this case.

We cannot find in the record any evidence as to the "value" of plaintiff's services. Regarding plaintiff's loss of earnings, the jury should have been told that they could only take into consideration plaintiff's loss of earnings occasioned by the automobile accident if any had been proved.

The second objection to the instruction, which appears more harmful to the defendant, is to the part which told the jury: "You may also consider the nature, character, extent and duration of her injuries, whether temporary or permanent and their effect, if any, in the future * * *." As vigorously argued before the trial court, there was no evidence of any "permanent" injury. The case was tried approximately two years after the accident, and at the trial Dr. Wheeldon testified:

"Q. Doctor, what is the condition of Mrs. Firth now, the last time you examined her concerning her neck and compression?

"A. Well, right at the present time she's having a flare-up. She's having pain, irritation in her neck and in her low back. I think that her neck is doing very well. She seems to continue to have these flare-ups especially in between—between her shoulders.

"Q. Do you have any—or do you have an opinion concerning how long this condition will continue?

"A. I'm of the impression that—that the neck itself is going to respond to treatment so that in a very reasonable length of time I think that the neck will be all right. The condition between the shoulder blades where the compression of the spine was present continues to give trouble and I'm not so sure, sir. I think that's going to be *prolonged*." (Italics supplied)

This is the only evidence upon which the instruction could have been predicated. There is a vast difference between a "permanent" injury and a "prolonged" injury. The word "permanent" implies an injury from which there will be no recovery. While the term "prolonged" means indefinite in duration, the term "permanent" does not. "Prolonged" implies ultimate cure. "Permanent" implies that there will be no cure.

For the reasons indicated, the giving of Instruction No. 4 was error, and as all error is presumed to be prejudicial we cannot say that the errors complained of were harmless and did not influence the jurors in arriving at their verdict. *Norfolk Railway Co.* v. *Higgins,* 108 Va. 324, 332, 61 S. E. 766; *Gary* v. *Artist,* 186 Va. 616, 625, 43 S. E. 2d 833, 837.

There is no merit in the remaining assignments of error.

For the reasons stated the verdict of the jury is set aside, the judgment is reversed, and the case remanded for a new trial.

*Reversed and remanded.*