## Richmond

H. W. Miller Trucking Company, Et Al. v. Emma Flood.

December 3, 1962.

Record No. 5474.

Present, All the Justices.

*R. V. Richardson* (*James, Richardson & James*, on brief), for the plaintiffs in error.

*W. Hale Thompson*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

■ Emma Flood, hereinafter referred to as plaintiff, recovered a verdict and judgment against H. W. Miller Trucking Company, a corporation, and Henry Lee Corbett, Jr., for $25,000.00 for personal injuries received when an automobile driven by her husband, in which she was a passenger, collided with a tractor-trailer owned by the trucking company, and operated by its employee, Corbett, traveling in an opposite direction on the James River Bridge on Highway Route No. 17, in Newport News, Virginia.

The evidence is in conflict, and is sufficient to support a verdict for either party. Fourteen instructions were given to the jury, seven for plaintiff and seven for defendants.

The single assignment of error is directed to the granting of plaintiff's Instruction No. 1, which reads as follows:

"*Simple* negligence, gentlemen of the jury, is defined in our law as *simply* a lack of due care. The test is whether, under all the surroundings and circumstances that one is acting under when an accident or an injury occurs to another person, the person who proximately caused such injury was using due care. *And an absence of due care constitutes simple negligence. In this case the plaintiff insists that she is entitled to recover, on the theory that the defendants, at the time of this accident, were failing to exercise due care and were therefore guilty of simple* negligence." (Italics supplied.)

When the instruction was tendered to the court, counsel for defendants promptly objected to it as follows:

"MR. RICHARDSON: We object to that, if your Honor please, on the grounds that it sets forth that negligence, simple negligence would entitle her to recover without any provisions whatsoever as to proximate cause. He may be guilty of simple negligence and if it wasn't a proximate cause of this accident, they certainly wouldn't be entitled to recover.

"COURT: Granted.

"MR. RICHARDSON: We note our exception."

No objection is here made to the granting of the thirteen other instructions. The assignment of error to Instruction No. 1 is based on the grounds interposed to the granting of that instruction in the trial court.

Plaintiff points out that Instruction G, given at the request of defendants, told the jury that plaintiff was not entitled to recover unless she showed that negligence of the defendants constituted a proximate cause of the collision between the two vehicles, and since the instructions were to be read as a whole, Instruction No. 1 could not have misled the jury, although it was defective. She said that, "The plain intent of Instruction No. 1 was to inform the jury of plaintiff's theory of the case and define simple negligence."

Instruction No. 1 is argumentative and unsound. Its phrasing is inept, ambiguous, deceptive and incomplete. The first and third sentences present undue emphasis upon the degree of negligence. The fourth and concluding sentence is unsound as to the legal principles stated. It tells the jury that plaintiff "insists" that she "is entitled to recover, on the theory that the defendants" were "guilty of simple negligence." The word "insists" implies a firm stand, a persistence of a point of view, despite directions given by the court in other instructions. The sentence fails to state an element of negligence essential to a recovery, and thereby took from the jury the determination whether negligence of the defendants constituted a proximate cause of the collision. *Chappell* v. *White*, 182 Va. 625, 634, 29 S. E. 2d 858.

The fundamental element of negligence "is its proximateness to the accident." The omission of that qualification is erroneous. *Jones* v. *Smithson*, 119 W. Va. 389, 193 S. E. 802, 803.

Moreover, the instruction states matters not pertinent to the issue and an hypothesis not supported by the law. It is inconsistent with and in conflict with the other instructions. It is deceptive, in that it is calculated to impress the jury that it would not have been given unless the court had approved it. It left the jury at liberty to decide the case according to the theory of the plaintiff rather than according to the principles of law given in other instructions, and makes it impossible for us to determine upon what theory or principle the verdict was founded. *Virginia Land Immigration Bureau and others* v. *Perrow*, 119 Va. 831, 836, 89 S. E. 891.

■ The general principle relating to instructions is well settled in Virginia. Their office is to fully and fairly inform the jury as to the law of the case applicable to the particular facts, and not to confuse them. *Yellow Cab Co.* v. *Eden*, 178 Va. 325, 338, 16 S. E. 2d 625; 10 Michie's Jur., Instructions, page 187 *et seq.*

Proper instructions are highly important when there is a conflict in the evidence. *Adams* v. *Plaza Theatre, Inc.*, 186 Va. 403, 409, 43 S. E. 2d 47.

It is the duty of the court to give instructions which correctly propound the law according to the different views of the parties to the matter. This does not mean that merely because a plaintiff has a theory of his case, he is thereby entitled to an instruction upon that theory. It is only when such an instruction is supported by the evidence and the law that he is so entitled.

An instruction which is confusing, argumentative, long, and merely an attempt on plaintiff's part to have the court apparently agree with his theory of the case should be refused. *MacDonald* v. *Firth*, 202 Va. 900, 121 S. E. 2d 369.

Instructions should be pertinent to the issues and set out correct legal principles complete in themselves as far as they go with regard to the specific issues involved. If an instruction may reasonably be regarded as having a tendency to mislead the jury, it is error to give it. *Flanagan* v. *Harvey*, 160 Va. 214, 223, 168 S. E. 448.

The piling of instruction upon instruction does not help a jury, and treads close upon the heels of invited error. *Ballard* v. *Commonwealth*, 156 Va. 980, 1003, 159 S. E. 222.

■ Although generally, instructions are to be read together and as a whole, *Van Duyn* v. *Matthews*, 181 Va. 256, 261, 24 S. E. 2d 442, the rule does not apply where one of them is in direct conflict with another, or is reasonably calculated to mislead and confuse the jury.

Both the court and plaintiff's counsel had timely and ample notice of the defect in the instruction. Nevertheless, the warning was disregarded. We cannot say that under the conflicting evidence in this case, no other verdict could have been properly found. Either the acts of the driver of the tractor-trailer were a proximate cause of the accident, or the acts of the driver of the car occupied by the plaintiff were the sole proximate cause. The giving of the instruction was error and as "all error is presumed to be prejudicial," we cannot hold it "was harmless and did not influence the jurors in arriving at their verdict." *MacDonald* v. *Firth, supra*, 202 Va. page 904.

For the reasons stated, the judgment of the trial court will be reversed; the verdict of the jury set aside; and the case remanded for a new trial.

*Reversed and remanded.*