## CIRCUIT COURT OF THE CITY OF RICHMOND

Theresa A. Jones

v.

Jae Kon Lee

September 22, 1997

Case No. ML-4990

BY JUDGE JAMES B. WILKINSON

*Facts*

On January 16, 1996, Plaintiff, Ms. Jones, was involved in an automobile accident with Defendant, Mr. Lee, at the intersection of Semmes and Cowardin Avenues in Richmond, Virginia. Ms. Jones was stopped at a red light in the right lane of two left turn lanes on Semmes Avenue. A van driven by Waverly Williams was in the left of the two left turn lanes. When the light turned green, Mr. Waverly proceeded a short distance into the intersection to make the left turn but halted when he saw Mr. Lee entering the intersection from the left while traveling on Cowardin Avenue. Ms. Jones also proceeded to turn left after the light turned green but did not see Mr. Lee entering the intersection and was struck by Mr. Lee.

Ms. Jones sustained injuries including blurred vision, severe headaches, dizziness, and a laceration to the forehead, which required ten stitches. After immediate treatment at the Medical College of Virginia, Ms. Jones later sought treatment from a private physician for blurred vision and headaches. The laceration permanently scarred Ms. Jones' left forehead below her hairline. Ms. Jones' medical bills totaled $2,251.60. The evidence showed Ms. Jones missed 27.5 days from work. Lost wages totaled $1,663.20. The total amount of damages claimed was $3,914.80.

Plaintiff filed suit for $75,000. This case was tried by jury on August 20, 1997, and the defendant was found liable to the plaintiff in the amount of $35,000. Defendant moved to set aside the verdict as excessive and renewed previous objections to the Court's exclusion of Dr. Michael Kyles' expert testimony and the Court's refusal to grant a jury instruction outlining a motorist's duties when proceeding into an intersection on a green light. Alternatively, the defendant moved for the court to grant remittitur. Defendant's motions were taken under advisement.

### *Issues*

(1) Whether the court properly excluded the testimony of the Defendant's expert witness, Dr. Michael Kyles.

(2) Whether the court properly refused to present a jury instruction prepared by Defendant which outlined a motorist's duties when proceeding into an intersection on a green light.

(3) Whether the jury's verdict for $35,000 should be set aside as excessive or, alternatively, whether remittitur should be granted.

### *Discussion*

A. *Issue One*

An Independent Medical Examination (IME) of Ms. Jones was performed by Dr. Michael Kyles on August 1, 1997, and reported to counsel on August 12, 1997. Verbal discussions regarding Dr. Kyles' examination were held between counsel before and after the IME. On August 14, 1997, the defendant subpoenaed Dr. Kyles to testify at trial. On August 18, 1997, Plaintiff's counsel received a copy of the subpoena request and a supplemental Interrogatory Answer identifying Dr. Kyles as an expert witness. The trial was scheduled for August 20, 1997. In a letter to the defendant dated August 18, 1997, the plaintiff objected to the timeliness of the notification of Dr. Kyles' testimony. On the morning of trial, Plaintiff's motion to exclude Dr. Kyles as a testifying witness was granted due to the late notice given to the plaintiff.

Defendant argues that adequate notice of Dr. Kyles as an expert witness was given to Plaintiff in a timely manner by means of the verbal conversations between counsel. Verbal conversations where counsel expresses an intention to call an expert witness at trial is insufficient as a supplemental answer to an interrogatory under Rule 4:8 of the Rules of the Supreme Court of Virginia and does not constitute notice of a testifying expert witness. Rule 4:8 requires

interrogatories to be served and answered in written form. Plaintiff's Interrogatory Number Five requested Defendant to identify all persons intended to be called as expert witnesses at trial. Defendant had a duty to supplement his answer in writing in a timely manner.

Defendant's argument that as early as August 6, 1997, he verbally "made clear his intentions to use Dr. Kyles as an expert witness" is self defeating. (Def.'s Brief In Supp. of Post Trial Motions, at 3.) Since counsel was aware that he intended to call the expert witness and he verbally expressed this intent on August 6th, then Defendant had a duty to supplement Plaintiff's interrogatory in accordance with Rules 4:1 and 4:8 at that time, instead of waiting until two days before trial and after subpoenaing Dr. Kyles. "Intend" does not require a party to be absolutely sure that the witness will be called to testify before supplementing an interrogatory answer in writing. The Court does not recognize informal means of notifying opposing counsel of expert witnesses to be called at trial. The verbal expressions the defendant relies upon as notice to the plaintiff fall short of the requirement that interrogatories are to be supplemented in writing. Defendant's renewed objection to the exclusion of Dr. Michael Kyles' testimony is overruled, and Plaintiff's motion to exclude Dr. Kyles as an expert witness due to the untimely notice given by Defendant is affirmed.

### B. *Issue Two*

A court may refuse to give a jury instruction where another instruction is given in lieu thereof that correctly states the law and addresses the points contained in the refused instruction. *Norfolk & Western Ry. Co. v. Marpole,* 97 Va. 594, 345 S.E. 462 (1899). A party is entitled to an instruction which correctly states the law and is supported by evidence. *H. W. Miller Trucking Co. v. Flood,* 203 Va. 934, 937, 128 S.E.2d 437 (1962). However, a court does not err by refusing to give an instruction "when substantially the same ground is covered by another instruction which is given." *American Hide & Co. v. Chalkley,* 101 Va. 458, 465, 445 S.E. 705 (1903).

The Court refused to give a repetitive jury instruction offered by the defendant which read:

A driver facing a green light ... has a duty to yield to other vehicles ... lawfully within the intersection. ... . [The driver also] has a duty to exercise ordinary care ... If a driver fails to perform either of these duties then he/she is negligent.

The Court instead gave Instruction Number 12:

> The duty to deep a proper lookout requires a driver to use ordinary care to look in all directions for vehicles that would affect his driving, to see what a reasonable person would have seen, and to react as a reasonable person would have acted to avoid a collision under the circumstances.

The Court also gave Instruction Number 13:

> The driver of a motor vehicle facing a steady red traffic light has the duty to stop and remain stopped so long as the light is red and thereafter not to proceed until it is safe to do so in the exercise of ordinary care.
> If a driver fails to perform this duty, then he is negligent.

The Court refused the defendant's instruction because of the duplication of instructions stating a driver's duties when entering an intersection controlled by a traffic light. The given instructions addressed the same grounds as the refused instruction.

A court may also refuse to give an instruction which is confusing or misleading to the jury. *H. W. Miller Trucking Co.*, 203 Va. at 937. In the case at bar, all three instructions addressed the issue of contributory negligence. The given instructions clearly stated the plaintiff's duties applicable to the case at bar, the duty to keep a proper lookout for automobiles which may cause a collision and the duty when proceeding into an intersection after stopping at a red light. Whereas, the refused instruction is confusing as to whether it is applicable as the plaintiff's duty or the defendant's duty. Plaintiff was stopped at a red light and then proceeded into the intersection after the light turned green, rather than facing a green light at the intersection. The refused instruction was misleading in that it incorrectly omitted the fact that the plaintiff had been stopped at a red light. The Court's refusal to give the instruction in order to avoid confusing and misleading the jury and the giving of the appropriate instructions applicable to the case at bar was properly within the Court's discretion.

Based on the facts that the refused instruction was repetitive and the given instructions were clear and appropriate for this case, Defendant's renewed objection to the Court's refusal to give the jury instruction outlining a motorist's duties when entering an intersection during a green light is overruled.

## C. *Issue Three*

The sanctity of the jury verdict is sought to be upheld by the Virginia courts, and it is the Court's duty to uphold a fairly rendered verdict. *Smithey v. Sinclair Ref. Co.*, 203 Va. 142, 145, 122 S.E.2d 872 (1961). Before a jury's verdict will be disturbed, there must be a clear showing that their decision was formed by improper factors. *Murphy v. Virginia Carolina Freight Lines*, 215 Va. 770, 775, 213 S.E.2d 769 (1975); *Smithey*, 203 Va. at 145; *Danville Community Hosp. v. Thompson*, 186 Va. 746, 764, 43 S.E.2d 882 (1947). A verdict prompted by improper factors such as passion, prejudice, improper means, or not supported by the evidence will be disavowed. *Danville Community Hosp.*, 186 Va. at 764.

The Court also has a duty to correct a verdict that is so excessive as to shock its conscience or a verdict which causes the court to believe the jury was mislead. *Campbell v. Hankins*, 217 Va. 800, 232 S.E.2d 794 (1977); *Edmiston v. Kupsenel*, 205 Va. 198, 135 S.E.2d 777 (1964); *National Fruit Product, Inc. v. Wagner*, 185 Va. 38, 41, 128 S.E.2d 437 (1946). If the court determines a verdict to be excessive, the successful party may be put on terms to accept a reduced amount, one that is deemed to be reasonable compensation for the injuries or the court may order a new trial on the issue of damages. Neither of these court orders are warranted "if the verdict merely appears to be large and more than the trial judge would have awarded had he been a member of the jury." *Edmiston*, 205 Va. at 202 (cites omitted). A verdict supported by sufficient evidence and reached by a fair and impartial trial must stand. *Id.*

The Supreme Court of Virginia has determined that "[t]here is no legal method or yardstick by which the precise value of human pain and suffering may be determined, nor is there any formula by which personal disfigurement may be appraised and a certain sum fixed upon as the true resultant damage." *Williams Paving Co. v. Kreidl*, 200 Va. 196, 204, 104 S.E.2d 758 (1958) (cites omitted); *see also Modaber v. Kelley*, 232 Va. 60, 69, 348 S.E.2d 233 (1986). In a personal injury case, the amount of damages to be awarded is left to the jury's discretion. *Id.* The jury's verdict, having acted upon credible evidence and proper instructions, furnishes a reasonable standard for special damages. *Danville Community Hosp.*, 186 Va. at 764 (infant child suffered a severe burn at birth and was permanently scarred). Although the determination of the amount of damages in a personal injury action is properly within the province of the jury, its power to award damages is not arbitrary or unlimited. *Williams Paving Co.*, 200 Va. at 204. An amount awarded by a jury should be disturbed only where it is so disproportional to the injury and loss suffered, where there

is evidence of prejudice, partiality, or corruption, or where there is a showing of a mistaken view of the merits of the case. *Id.*

In the case at bar, evidence showed that the plaintiff was treated for her injuries for approximately one month following the accident. Testimonial evidence demonstrated that the headaches continued for a prolonged period of time and that Ms. Jones missed time from work for over a period of six months after the accident. Pictures of Ms. Jones' scar were admitted as evidentiary exhibits and the jury also personally viewed the scar over her forehead during Ms. Jones' testimony.

Although the evidence indicated that Ms. Jones suffered no permanent disability from the accident, factors considered by the jury included the pain and suffering caused from the accident, whether Ms. Jones' headaches will continue to occur in the future and the value of the permanent disfigurement, the scar above Ms. Jones' forehead. There is no indication that the jury was prejudiced, showed partiality, was corrupted, or mistakenly misviewed the merits of the case at bar. The Court knows of no reason to believe that the jury was mislead nor is the verdict so excessive that it shocks the Court's conscience. In the case at bar, the jury's verdict is the appropriate standard for determining the value of the noticeable facial scar and the other special damages. Sufficient evidence was shown at trial which allowed the jury to fairly and impartially determine the amount of damages.

The Court holds that the verdict of the jury was fairly rendered. Defendant's motion to set aside the jury's verdict is overruled. Defendant's motion to grant remittitur is overruled.

## Conclusion

Defendant's renewed objection to the exclusion of Dr. Michael Kyles' testimony is overruled and Plaintiff's motion to exclude Dr. Kyles as an expert witness due to the untimely notice given by Defendant is affirmed. Defendant's renewed objection to the Court's refusal to give the jury instruction outlining a motorist's duties when entering an intersection during a green light is overruled. Defendant's motions to set aside the verdict of the jury as excessive and, alternatively, to grant remittitur are denied.