# CIRCUIT COURT OF THE CITY OF RICHMOND

David S. Sword

v.

Deborah Lopez Greer

October 21, 1997

Case No. (Law) ML-5067

BY JUDGE JAMES B. WILKINSON

*Facts*

On October 15, 1996, the plaintiff, David S. Sword, was involved in an automobile accident with the defendant, Deborah Lopez Greer, at the intersection of Bainbridge Street and Cowardin Avenue in the City of Richmond, Virginia. Mr. Sword was traveling westbound on Bainbridge Street and Ms. Greer, while traveling east on Bainbridge Street, was attempting to make a left turn onto Cowardin Avenue and collided with Mr. Sword's vehicle. Mr. Sword was transported from the scene of the accident by ambulance to Johnston-Willis Hospital where he received treatment for his injuries. Mr. Sword's medical bills totaled $13,292.00. Mr. Sword missed 82 hours from work, and his lost wages totaled $4,723.68. The total amount of damages claimed amounted to $18,015.68.

Plaintiff filed suit for $250,000.00. This case was tried by jury on September 19, 1997, and the jury returned a verdict in favor of the defendant. The plaintiff renewed the motion to strike the defendant's evidence and moved the Court to set aside the verdict as contrary to law and evidence. Plaintiff's motion was taken under advisement.

*Issue*

Whether the verdict of the jury in favor of the defendant is contrary to law and evidence and a new trial should be granted.

*Discussion*

The Court has the authority to set aside a verdict contrary to the evidence or law and order a new trial where the jury "has misconceived or misunderstood the facts or the law." *Smithy v. Refining Co.*, 203 Va. 142, 146, 122 S.E.2d 872 (1961). *See* Va. Code § 8.01-383 and Va. Code § 8.01-430.

A driver making a left turn without a controlled traffic signal has the duty to "yield the right-of-way to any vehicle approaching from the opposite direction if it is so close as to constitute a hazard." Va. Code § 46.2-825. The duty to yield does not depend upon the speed of an approaching vehicle, but upon whether the approaching car is sufficiently far away so that the turning vehicle can exercise reasonable care when making the turn. *Atwell v. Watson*, 204 Va. 624, 631, 133 S.E.2d 552 (1963). The reasonable discharge of the duty to yield necessarily entails the antecedent duties of maintaining a proper lookout and of heeding what such a lookout reveals. *See Lyons v. McDonald*, 312 F. Supp. 682 (E.D. Va. 1970).

Section 42.2-825 of the Code is to be read together with Va. Code § 46.2-848 which implicitly charges a driver making a turn with the duty to see an oncoming vehicle which is in plain view that, when exercising reasonable care, she is certain to have seen. *Hogan v. Carter*, 226 Va. 361, 369, 310 S.E.2d 666 (1983). Although not an insurer of safety, a driver is to be vigilant and observant when executing a turn. *Smith v. Clark*, 187 Va. 181, 465 S.E.2d 21 (1948).

The plaintiff's car collided with the defendant's car when she attempted to make a left turn onto Cowardin Avenue. At trial, the defendant asserted the plaintiff was contributorily negligent in causing the accident by exceeding the speed limit. A witness for the defendant testified that the plaintiff appeared to be speeding at the time of the accident.

The witness further testified that she did not see the plaintiff until he was in the intersection. The defendant also testified that she did not see the plaintiff until the plaintiff was entering the intersection. Evidence showed that the road was level and the defendant could see a considerable distance down the road.

The Court concludes that the jury has in some way misconceived or misinterpreted the facts or the law which should have guided them to a just conclusion. *Chesapeake & Ohio Ry. v. Arrington*, 126 Va. 194, 217, 101 S.E. 415 (1919). The fact that the defendant did not see the plaintiff until he was entering the intersection, which is on level ground with sufficient distant sight, is self defeating as to the contributory negligence allegation of speeding. According to the defendant's testimony, first sight of the plaintiff as he entered the intersection shows that the defendant would not have had adequate time to evaluate whether the plaintiff was speeding. Furthermore, the admission that the defendant did not see the plaintiff is conclusive that the defendant failed to execute her duty to yield the right-of-way before making a left turn and may have failed to keep a reasonable lookout for oncoming cars in plain view. *See Brown v. Peters*, 202 Va. 382, 117 S.E.2d 695 (1961).

The Court is of the considered opinion that the jury misconceived and misinterpreted the facts and the law regarding the testimonial evidence as to whether the plaintiff was speeding and the defendant's duty to yield the right-of-way when making a left turn and duty to see oncoming vehicles in plain view.

## Conclusion

The plaintiff's renewed motion to strike the defendant's evidence is overruled. Because the jury's verdict in favor of the defendant is contrary to the law and evidence, the Court sustains the plaintiff's motion to set aside the verdict and the Court grants the plaintiff a new trial.