## Richmond.

### HOFFMAN v. SHARTLE AND OTHERS.

March 14, 1912.

1. TRIAL—*Reduction of Verdict—Grounds for Reduction—Arbitrary Action.*—The practice which permits the trial court to reduce a verdict to an amount deemed reasonable and proper is a wise one, and should not be lightly interfered with. The court, however, cannot, in this matter, act arbitrarily. Generally, the record must show the grounds relied on in support of such action, otherwise it cannot be upheld. The assessment of damages is peculiarly the province of the jury, and when the question before the jury is merely as to the *quantum* of damages to which the plaintiff is entitled, and there is evidence to sustain the verdict found by the jury, no mere difference of opinion, however decided, justifies an interference with the verdict for that cause.

2. APPEAL AND ERROR—*Improper Reduction of Verdict—Judgment in Appellate Court.*—Where a verdict has been improperly reduced by the trial court, and judgment entered for only a part of the amount found by the jury, when it should have been entered for the whole, this court, on writ of error, will render judgment for the plaintiff for the amount of the reduction, with interest from the date fixed by the verdict, and for costs.

Error to a judgment of the Circuit Court of the city of Lynchburg in an action of assumpsit. Judgment for the plaintiff. To a judgment reducing the amount of the verdict, over the protest of the plaintiff, the plaintiff assigns error.

*Reversed in Part.*

The opinion states the case.

*Don P. Halsey* and *Thomas J. O'Brien,* for the plaintiff in error.

*Roper & Davis,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

This action of trespass on the case in assumpsit was brought by the plaintiff in error to recover of the defendants in error damages for their breach of a contract wherein they undertook and agreed to assign and convey to the plaintiff in error an unexpired lease on the Hotel Atwood, and to sell and convey to him certain furniture located in said hotel at the price of $1,700.00, of which $500.00 was paid in cash and the residue secured by deed of trust upon such furniture.

The record shows that, relying upon the promise and agreements mentioned, the plaintiff in error took possession of the hotel and the furniture, and proceeded to incur considerable expense with a view to conducting the hotel business, which was his purpose in purchasing the furniture and the unexpired lease, which was to run until April, 1910, with an option in favor of the lessee of continuing the same two years longer.

The agreements between the parties were entered into July 10, 1909, and in September, 1909, the plaintiff in error was evicted from the hotel property by a judgment of the Corporation Court of the city of Lynchburg in favor of the owner in an action of unlawful detainer. No defense to this action was made by the defendants in error, but, at their instance, the trustee in the deed of trust sold at public auction, in September, 1909, the furniture that had been thereby pledged to the satisfaction of the notes given for the balance outstanding on the purchase of the furniture. Thereupon this suit was brought to recover the damages sustained in consequence of the failure of the defendants in error to comply with their agreements. The amount of damage claimed was $1,429.58, but the jury evidently cut out an item of $200.00 claimed for salary, and returned a verdict for $1,229.58. The record shows that the circuit court, of its own motion, and over the protest of the plaintiff in error, reduced the damages found by the jury to the sum of $619.26, and gave judgment for that amount. To that judgment this writ of error was awarded.

The sole question presented for our consideration is the propriety of the action of the circuit court in reducing the damages found by the jury. The record sheds no light on this subject. If fails to suggest any reason why the court should have cut the damages found by the jury in half, and given judgment only for the reduced amount.

At the request of the defendants the plaintiff filed a statement of the particulars of his claim, all the items of which, except possibly that for salary, may have reasonably and legitimately arisen in consequence of the failure of the defendants to perform their contract. The items of damage claimed were proved by the plaintiff, and no attempt was made to disprove one of them.

The defendants attempted to defend the action upon the ground that they had not undertaken to assign the lease, and that, if they had agreed to do so, the plaintiff had suffered no damage, because the lease was of no value.

The case was fairly submitted to a jury, and their verdict rendered, based upon ample evidence to support their conclusion. The practice which permits the court to reduce a verdict to an amount deemed reasonable and proper is a wise one, and it should not lightly be interfered with. The court cannot, however, in this matter act arbitrarily. Generally, the record must show the grounds relied on in support of such action, otherwise it cannot be upheld. The assessment of damages is peculiarly the province of the jury, and when the question before the jury is merely as to the *quantum* of damages to which the plaintiff is entitled, and there is evidence to sustain the verdict found by the jury, no mere difference of opinion, however decided, justifies an interference with the verdict for that cause. *Southern Mutual Ins. Co.* v. *Trear,* 29 Gratt. (70 Va.) 255.

In the present case, as before stated, all of the items of damage claimed could have legitimately resulted from the breach by the defendants of their contract. Upon the evidence, the question before the jury was as to the *quantum* of damages, and the record furnishes no ground for interfering with the settlement of that question by their verdict.

The verdict of the jury was for $1,229.58, and the judgment of the court thereon was for $619.26, leaving $610.32 of the verdict for which no judgment was given. The judgment complained of, in so far only as it failed to include the $610.32, which was necessary to cover the whole verdict, must therefore be reversed, and this court will enter its judgment in favor of the plaintiff, C. C. Hoffman, against the defendants in error for said sum of six hundred and ten 32–100 dollars, with interest thereon from the 27th

Opinion.

day of May, 1910, that being the date from which the judgment given by the circuit court for the other part of the verdict bore interest, together with his costs in the circuit court in this behalf expended, and also his costs incurred in the prosecution of this writ of error.

*Reversed in Part.*