## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Watts

v.

Alama

April 22, 1980

Case No. (Law) 5604

By JUDGE ALBERT H. GRENADIER

The plaintiff has moved to set aside the verdict of the jury and to award her a new trial on the ground that the jury failed to properly consider a number of the seven elements of damage which the jury should have considered in fixing its award.

As a general rule, the assessment of damages is wisely left to juries. Nevertheless, judges have the power and are clearly charged with the duty of setting aside verdicts where the damages are either so excessive or so small as to shock the conscience and to create the impression that the jury has been influenced by passion, prejudice, corruption or has in some way misconceived or misinterpreted the facts or the law which should guide them to a just conclusion. *Chesapeake & O. Ry. v. Arrington*, 126 Va. 194 (1919), *cert. denied*, 255 U.S. 573, 41 S. Ct. 376, 65 L. Ed. 792 (1921); § 8.01-383 Code of Virginia; *Rawle v. McIlhenny*, 163 Va. 735 (1934). In enacting § 8.01-383 the General Assembly intended that trial judges be empowered in their sound discretion to exercise supervision over the verdicts of juries. *Clatterbuck v. Miller*, 215 Va. 359 (1974). The court may not, however, set aside a verdict merely because it is either larger or smaller than the judge thinks it ought to have been. *Edmiston v. Kupsenel*, 205 Va. 198 (1964). But when a trial court determines

that damages awarded by a jury are inadequate or excessive, it may set aside the verdict and award a new trial. *Campbell v. Hankins*, 217 Va. 800 (1977).

In the case of *Rome v. Kelly Springfield Tire Co.*, 217 Va. 943 (1977), the verdict of the jury fixed the plaintiff's damages at the exact amount of his lost wages and medical expenses to the date of the trial. The trial court's damage instruction set forth seven elements of damage which the jury should have considered in fixing its award. The jury's award represented only two of those elements. Substantial evidence was introduced in support of the other elements mentioned in the instruction. The Virginia Supreme Court held that the verdict was inadequate and invalid as a matter of law and should have been set aside and a new trial ordered because it demonstrated the jury disregarded the instruction on damages by failing to take into consideration all of the proper elements of damages to which the plaintiff was entitled under the evidence.

The Court also considered whether there should be a new trial on all issues or on the issue of damages only. It found that because the award was in the exact amount of the special damages the liability issue probably exerted a material influence on the jury in reaching its verdict and remanded the case for a new trial on all issues.

In this case, jury instruction no. 7 also set forth seven elements of damage which the jury should have considered in fixing its award. As in the *Rome* case the jury award represented only two of those seven elements. Also, as in the *Rome* case, substantial evidence was introduced in support of the other elements mentioned in the instruction. This is borne out by the jury verdict form which clearly demonstrates that the jury intended to award the plaintiff damages only for such expenses and losses that she could document. The amount of the verdict is within $15.00 of the total of the medical expenses and the lost wages testified to. It is obvious to the Court that the jury did not consider the first five elements of the damage instruction. This case falls squarely within the principles enunciated by the Virginia Supreme Court in *Rome*. Accordingly, the Court will set aside the verdict of the jury and will award the plaintiff a new trial on all issues.