## CIRCUIT COURT OF THE CITY OF NORFOLK

Theresa M. Williams

v.

Carol Posey
and The Ryan Schools, Inc.

July 11, 1986

Case No. (Law) L-85-1343

By JUDGE ALFRED W. WHITEHURST

I have carefully reviewed the evidence in this case along, with the argument and memoranda presented by counsel.

The jury returned a verdict of $1,225,000.00; findings were taken under advisement by the court. A few days later, defense counsel presented an affidavit by Mr. Thomas E. Russ, director of The Ryan Schools, Inc., one of the defendants in the case. The affidavit stated that a call was received to the effect that one of the jurors had told the caller that the jury had stuck it to that honky school, and that he, the juror, felt he was owed a part of the verdict by the plaintiff.

In compliance with *Commercial Union Insurance Co. v. Moorefield, Administratrix*, 231 Va. 260 (April 1986), the court summoned the jurors to testify individually in open court to answer relevant questions concerning their deliberation. The response produced the following: two jurors testified that it was mentioned whether the school was a private school, another juror stated that it was discussed if the school was all white, and one juror said that a member of the jury stated that the plaintiff owed him a part of the verdict. The jury was composed of six black and one white jurors.

The court finds that the verdict is so excessive as to shock the conscience of the court. The trial lasted

two days; there were nineteen instructions. The jury deliberated forty-five minutes. The law states that the judge is not a mere referee; he can exercise supervisory power over a miscarriage of justice. The judge has a duty to act. *Campbell v. Hankins*, 217 Va. 800 (1977).

The verdict was so excessive and out of proportion to the injuries suffered as to suggest that it is not the product of a fair and impartial decision. But the verdict reflects that the jury was influenced and motivated by sympathy, passion, and prejudice or that they misconceived or misunderstood the facts and law of the case. *Rutherford v. Zerfoss*, 221 Va. 685 (1980).

The court finds that the verdict being so affected impeaches the verdict as to both liability and damages and orders the verdict to be set aside and a new trial on both issues.