DELORES G. REEL

V.

MARIA S. RAMIREZ

Record No. 911231

April 17, 1992

Present: All the Justices

*Robert J. Haddad (Judith M. Cofield; Shuttleworth, Ruloff, Giordano & Kahle*, on brief), for appellant.

*William M. Sexton (Michael F. Bergan; Knight, Dudley, Dezern & Clarke*, on brief), for appellee Maria S. Ramirez.

(John G. Crandley; Preston, Wilson & Crandley, on brief), for underinsured motorist carrier.

JUSTICE LACY delivered the opinion of the Court.

In this appeal we consider whether the trial court abused its discretion in setting aside a jury verdict and ordering a new trial limited to the issue of damages.

In April 1987, Delores G. Reel was a passenger in an automobile which was struck by another car driven by Maria S. Ramirez. Reel subsequently filed this suit against Ramirez, seeking damages for the injuries she sustained as a result of the accident. On August 15, 1990, the case was tried before a jury. At the conclusion of all the evidence, the trial court granted a motion to strike Ramirez's evidence and submitted the case to the jury solely on the question of damages. The jury returned a verdict setting damages at $300,000.

Ramirez moved the court to set aside the jury's verdict as excessive. The court set the $300,000 verdict aside and reduced the verdict to $200,000. The court denied Ramirez's motion to set aside or reduce the verdict further. An order, denoted "not the final judgment order," was entered reflecting the amount of the reduced verdict.

On August 30, 1990, the trial court, "upon mature consideration," entered another order which memorialized an August 16 in-chambers hearing with counsel and vacated the previous ruling denying Ramirez's motion to set aside the $200,000 verdict as excessive. The trial court took the matter under further advisement. Thereafter, the parties briefed and argued Ramirez's motion to set aside the $200,000 verdict and Reel's motion to enter judgment on that verdict. On October 19, 1990, the trial judge entered an order setting aside the $200,000 verdict and ordering a new trial on the issue of damages.

A second trial was held on April 8 and 9, 1991, and the jury returned a verdict of $30,000. The court entered judgment on this verdict and Reel appeals.

Reel assigns as error the trial court's actions (1) in setting aside the first reduced verdict of $200,000 and ordering a new trial, and (2) in refusing to set aside the April, 1991 jury verdict and to reinstate the $200,000 verdict. The court further erred, Reel contends, because it failed to give any reasons for setting aside the $200,000 verdict.

■ Initially we reject Reel's argument that we must reverse because the trial court did not state the grounds on which it set aside the $200,000 verdict and ordered a new trial. It is true that the trial court is required to state its reasons for granting a remittitur, *Caldwell* v. *Seaboard System Railroad*, 238 Va. 148, 380 S.E.2d 910 (1989), *cert. denied sub nom. CSX Transportation, Inc.* v. *Caldwell*, 493 U.S. 1095, 110 S.Ct. 1169 (1990), or for simply reducing a verdict, *Hoffman* v. *Shartle*, 113 Va. 262, 264, 74 S.E. 171, 172 (1912). But this appeal does not involve review of a remittitur or the trial judge's initial action of reducing the verdict from $300,000 to $200,000.

■ Reel was not given the option of accepting a reduced verdict of $200,000 or a new trial, the procedure utilized in remittitur.

Code § 8.01-383.1.[1] Reel did object at the time the verdict was reduced to $200,000, but did not assign as error the court's action in reducing the verdict from $300,000 to $200,000.[2] Reel's appeal, then, does not challenge the validity of the trial court's action in reducing the jury verdict from $300,000 to $200,000. This appeal only concerns the validity of a trial court's action in granting a new trial after the amount of a jury verdict has been reduced. The principle of appellate review of a remittitur or a reduced verdict which requires a statement of reasons, therefore, is inapplicable here.

■ The dispositive issue is whether the trial court abused that discretion in setting aside the reduced verdict of $200,000 and in ordering a new trial limited to damages. See Code § 8.01-383. The $200,000 verdict which Reel seeks to have reinstated is not a verdict reached by a jury, but an amount imposed by the trial court and, therefore, not vested with the strong presumption of correctness assigned to a jury verdict assessing damages. Nevertheless, it is vested with the presumption of correctness afforded judgments of trial courts. *Kempsville Meadows, Inc.* v. *Schwemley*, 211 Va. 117, 176 S.E.2d 428 (1970).

■ While the law leaves the assessment of damages generally to juries, judges have the power and are charged with the duty to take action to correct what plainly appears to be an unfair verdict. *Smithey* v. *Refining Company*, 203 Va. 142, 145-46, 122 S.E.2d 872, 875 (1961). Whether a verdict is excessive "is initially addressed to the sound discretion of the trial judge who has observed the incidents of trial, which cannot be reproduced in the cold, printed pages of the appellate record." *Modaber* v. *Kelley*, 232 Va. 60, 69, 348 S.E.2d 233, 238 (1986). The setting aside of a verdict is not warranted if it "merely appears to be large and more than the trial judge would have awarded had he been a

[1] Prior to submitting the case to the jury, Reel moved to amend her ad damnum clause from $500,000 to $200,000. The trial court denied her motion because Ramirez refused to agree to the amendment. However, the trial court told counsel that in the event the jury returned a verdict in excess of $200,000, the court would set it aside.

[2] Assignments of error B. and C., as they appeared in the petition for appeal and joint appendix, addressed the trial court's reinstatement and setting aside of "the original verdict." On brief, the language of the assignments of error was altered to refer to "the original *remitted* verdict." Reel disputes and seeks relief only from the failure to reinstate a verdict in the amount of $200,000, thereby waiving any claim to restoration of the original jury verdict of $300,000. *St. Joseph's Soc.* v. *Va. Trust Co.*, 175 Va. 503, 9 S.E.2d 304 (1940) (emphasis added).

member of the jury." *Murphy* v. *Virginia Carolina Freight Lines, Inc.*, 215 Va. 770, 774, 213 S.E.2d 769, 772 (1975) (citations omitted). However, when the amount of the verdict is so great as to shock the court's conscience or is so out of proportion to the injuries suffered as to suggest that it is not the product of a fair and impartial decision, it is the duty of the trial court in the first instance, or the appellate court on review, to set the award aside. *Modaber*, 232 Va. at 69, 348 S.E.2d at 238; *Murphy*, 215 Va. at 774, 213 S.E.2d at 772. Hence we examine the record in light of these principles to determine if the trial judge abused his discretion in setting aside the remitted verdict of $200,000 and ordering a new trial limited to the question of damages. We consider the evidence in the light most favorable to Reel.

Reel remained in the hospital for two days following the accident. Between April, 1987 and February, 1988, Reel consulted four physicians: her family doctor, two orthopedists, and a neurologist. She incurred medical bills of $14,500. Reel was unemployed and, therefore, she suffered no loss of wages.

Reel's injuries can be placed in three categories. First, she received forehead lacerations when her head was thrown into the rear view mirror. Reel was treated at the hospital by a plastic surgeon for these injuries. Additional procedures are available which could reduce the scarring.

Next, Reel suffered post-traumatic headaches. These were resolved and no further medical treatment was sought for them after November 1987, within the normal 12 month resolution period the evidence attributed to this type of trauma-induced headache.

The majority of the testimony involves the injury to Reel's knee which struck the glove compartment during the accident. After initial treatment and therapy did not eliminate pain and reduced function in the knee, Reel underwent diagnostic knee joint arthroscopy. The procedure established that the continuing pain and limited motion were associated with an arthritic condition. The medical issue was whether the arthritic condition revealed by the diagnostic procedure appeared to be chronic and of some duration in nature, thereby having been merely aggravated by the accident, or whether the accident converted the arthritic condition from asymptomatic to symptomatic. Reel retains a 5% permanent disability in her knee.

As to her injuries, Reel testified that she experiences pain in her knee, "on a day that's a damp day, rainy day . . . but normally

it's pretty good." She has trouble bending down and kneeling. She testified that while the headaches recurred for one and one-half to two years, she no longer suffers headaches or dizziness and she does not intend to pursue further plastic surgery for the scars on her forehead.

■ This record shows that Reel had a limited amount of medical expenses, and of continuing pain and discomfort. Based on this, we cannot say that the trial judge's decision to vacate his initial decision setting damages at $200,000 and returning the damages issue to a jury for final determination was an abuse of discretion. Nor did the trial judge abuse his discretion in refusing to vacate the $30,000 verdict reached by the second jury and to reinstate the trial court's $200,000 verdict.

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*