## CIRCUIT COURT OF STAFFORD COUNTY

Mary E. Rollins

v.

Donald Franklin Carter

December 6, 1995

Case No. (Law) 94000364

BY JUDGE JAMES W. HALEY, JR.

The issues here for resolution are whether damages awarded in a personal injury action are inadequate as a matter of law, and, if so, what constitutes an appropriate remedy for the court to fashion.

On September 25, 1992, an accident occurred in Stafford County between automobiles operated by Donald Franklin Carter and Mary E. Rollins. Rollins filed a motion for judgment and the matter was heard by a jury on October 13, 1995.

The evidence adduced at trial showed that Rollins' automobile had been struck in the rear by one driven by Carter. Rollins had somewhat abruptly stopped at a marked railroad crossing, though one without lights or gates, because of an oncoming train. The impact, according to Rollins, caused her body to be violently pushed forward with her chest striking her steering wheel despite her wearing a seat belt/harness. Photographs introduced by Carter showed slight to moderate damage to the Rollins' automobile rear bumper, gas tank, and tailpipe. Rollins testified as to sharp pain at impact and continuing pain diminishing over the subsequent four to six month period.

Rollins was transported by an emergency vehicle to Mary Washington Hospital in Fredericksburg where she was examined, x-rayed, and given a EKG. She had follow-up visits with the orthopaedist who had examined her at the hospital and by her family physician. Expert testimony showed that she suffered contusions to her chest for which she was prescribed pain-killing medicines. All medical care was incurred within three months

of the accident of September 25, 1992, and her total medical bill of $703.16 was established as causally related to that accident.

Though Rollins had a prior medical history of angina, hiatal hernia, and hypertension, her uncontradicted testimony was that the chest pain she experienced as a result of the accident was different and unique. She further testified that her chest pain and any other injury had resolved before she was involved in a second accident almost two years subsequent to the one of September 25, 1992.

Because of Rollins' abrupt stop, the issue of contributory negligence was submitted to the jury. The jury found for Rollins. (It should be noted that had the court heard the case rather than a jury, the court would likewise have found for Rollins on the issue of liability.) Consistent with the evidence offered by Rollins, the jury was instructed only on the damage elements of bodily injury, physical pain and mental anguish, inconvenience, and medical expenses. The jury awarded damages of $703.16, the precise amount of the medical expenses.

A timely motion was made to set aside the verdict as inadequate and award the Rollins a new trial.

In *Bradner v. Mitchell*, 234 Va. 483, 487, 362 S.E.2d 718, 720 (1987), the Supreme Court set forth the principle applicable to the instant case:

> Where that evidence [of special damages] is uncontroverted and so complete that no rational fact-finder could disregard it . . . it must be considered as a fixed constituent part of the verdict. When the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for such non-mandatory elements of damages as pain, suffering . . . and the like, the verdict should be set aside as inadequate.

See also *Dewald v. King*, 233 Va. 140, 354 S.E.2d 60 (1987); *Rome v. Kelly Springfield*, 217 Va. 943, 234 S.E.2d 277 (1977).

In the instant case the medical special damages were uncontroverted as to amount, reasonableness, or causality. Rollins testified to pain and suffering caused by the bruising and contusions she suffered in the accident. The jury's verdict provided no award for these elements of damages. Accordingly, the verdict is inadequate as a matter of law and is set aside.

As the court stated in *Glass v. David Pender Grocery Co.*, 174 Va. 196, 202, 5 S.E.2d 478, 481 (1939):

> If the amount of the verdict bears no reasonable relation to the damages suggested by the facts in the case . . . courts must exercise control in the interests of fairness and justice.

The statutory remedies for a verdict inadequate as a matter of law are set forth in Code § 8.01-383.1(B): "the trial court may (i) award a new trial or (ii) either require the defendant to pay an amount in excess of the recovery of the plaintiff found in the verdict or submit to a new trial."

This court feels the second remedy, that of additur, is appropriate under the circumstances of the instant case.

In *Reel v. Ramirez*, 243 Va. 463, 465, 416 S.E.2d 226, 227-228 (1992), the court noted that "the trial court is required to state its reasons for granting a remittitur, *Caldwell v. Seaboard Rail System*, 238 Va. 148, 380 S.E.2d 910 (1989), *cert. denied sub nom. CSX Transportation, Inc. v. Caldwell*, 493 U.S. 1095, 110 S. Ct. 1169 (1990)." That requirement is presumably likewise applicable to additur.

As noted above the court has held the verdict inadequate as a matter of law because the jury award in the amount of medical specials alone granted no damages for the pain that the uncontroverted testimony of Rollins established. Rollins' contusions and bruising were established by competent medical evidence. Her apparent condition at the accident scene required that she be transported to the hospital by an emergency vehicle, and there undergo comprehensive examination.

However, the court notes that Rollins suffered only temporary soft tissue damage, that her injuries and her pain had resolved within six months of the accident, and that medical treatment subsequent to the initial hospital emergency visit consisted only of follow-up checks on her condition and the prescription of pain relieving drugs. Finally, the jury placed no value upon Rollins' claims for non-special damages.

Having given these reasons, the court orders an additur of $1,636.84. This addition to the sum granted by the jury totals $2,340.00, which the court finds as a fair and just award of damages under the circumstances of the case. Carter may, of course, accept this additur or submit to a new trial, in accordance with the provisions of Code § 8.01-383.1(B)(ii).