## CIRCUIT COURT OF THE CITY OF RICHMOND

Carrie Skinner

v.

John Doe

January 27, 1998

Case No. (Law) ML-5601

BY JUDGE JAMES B. WILKINSON

### Facts

On December 10, 1994, the plaintiff, Carrie Skinner, was involved in an automobile accident when she was rear-ended by the defendant, John Doe, while northbound on Nine Mile Road at the intersection of Gordon Lane in Henrico County, Virginia. Ms. Skinner sustained injuries including her left shoulder, back, and neck. Ms. Skinner's medical bills totaled $1,134.38.

Plaintiff filed suit for $25,000.00. This case was tried by jury on January 5, 1998, and the defendant was found liable to the plaintiff in the amount of $10,000.00. Defendant moved the Court for remittitur, which motion the Court held under advisement.

### Issue

Whether the jury's verdict for $10,000.00 is excessive and remittitur should be granted.

## Discussion

The sanctity of the jury verdict is sought to be upheld by the Virginia courts, and it is the Court's duty to uphold a fairly rendered verdict. *Smithey v. Sinclair Ref. Co.*, 203 Va. 142, 145, 122 S.E.2d 872 (1961). Before a jury's verdict will be disturbed, there must be a clear showing that their decision was informed by improper factors. *Murphy v. Virginia Car. Freight Lines*, 215 Va. 770, 775, 213 S.E.2d 769 (1975); *Smithey*, 203 Va. at 145; *Danville Community Hosp. v. Thompson*, 186 Va. 746, 764, 43 S.E.2d 882 (1947). A verdict prompted by improper factors such as passion, prejudice, improper means, or not supported by the evidence will be disavowed. *Danville Community Hosp.*, 186 Va. at 764.

The Court also has a duty to correct a verdict that is so excessive as to shock its conscience or a verdict which causes the court to believe the jury was misled. *Campbell v. Hankins*, 217 Va. 800, 232 S.E.2d 794 (1977); *Edmiston v. Kupsenel*, 205 Va. 198, 135 S.E.2d 777 (1964); *National Fruit Product, Inc. v. Wagner*, 185 Va. 38, 41, 128 S.E.2d 437 (1946). If the court determines a verdict to be excessive, the successful party may be put on terms to accept a reduced amount, one that is deemed to be reasonable compensation for the injuries or the court may order a new trial on the issue of damages. Neither of these court orders are warranted "if the verdict merely appears to be large and more than the trial judge would have awarded had he been a member of the jury." *Edmiston*, 205 Va. at 202 (cites omitted). A verdict supported by sufficient evidence and reached by a fair and impartial trial must stand. *Id.*

The Supreme Court of Virginia has determined that "[t]here is no legal method or yardstick by which the precise value of human pain and suffering may be determined." *Williams Paving Co. v. Kreidl*, 200 Va. 196, 204, 104 S.E.2d 758 (1958) (cites omitted); *see also Modaber v. Kelley*, 232 Va. 60, 69, 348 S.E.2d 233 (1986) (cites omitted). In a personal injury case, the amount of damages to be awarded is left to the jury's discretion. *Id.* The jury's verdict, having acted upon credible evidence and proper instructions, furnishes a reasonable standard for special damages. *Danville Community Hosp.*, 186 Va. at 764. Although the determination of the amount of damages in a personal injury action is properly within the province of the jury, its power to award damages is not arbitrary or unlimited. *Williams Paving Co.*, 200 Va. at 204. An amount awarded by a jury should be disturbed only where it is disproportional to the injury and loss suffered, where there is evidence of prejudice, partiality, or corruption, or where there is a showing of a mistaken view of the merits of the case. *Id.*

In the case at bar, evidence showed that Ms. Skinner was treated for her injuries for over a year following the accident. Testimonial evidence demonstrated that her injuries continued for a prolonged period of time and that Ms. Skinner experienced diminished physical activity for over a year after the accident.

Although Ms. Skinner suffered no permanent disability from the accident, factors considered by the jury included the pain and suffering caused from the accident and Ms. Skinner's recovery period of over a year after the accident. There is no indication that the jury was prejudiced, showed partiality, was corrupted, or mistakenly misviewed the merits of the case at bar. The Court knows of no reason to believe that the jury was misled nor is the verdict so excessive that it shocks the Court's conscience. In the case at bar, the jury's verdict is the appropriate standard for determining the value of the plaintiff's damages. Sufficient evidence was shown at trial which allowed the jury to fairly and impartially determine the amount of damages.

The Court holds that the verdict of the jury was fairly rendered. Defendant's motion to grant remittitur is overruled.

### Conclusion

The verdict of the jury was not prompted by improper factors. The verdict does not shock the conscience of the Court as being excessive. The Court holds that the verdict of the jury was fairly rendered by proper factors and supported by the evidence. Thus, the defendant's motion to grant remittitur is overruled.